IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COMPASS BANK, | ) |
| Plaintiff, | ) |
| vs. | ) CV 01-J-1330-S |
| WILLIAM POWELL, et al., | ) |
| Defendants. | ) |

**ENTERED**
JAN 9 2003

## MEMORANDUM OPINION

Pending before the court is plaintiff's motion for summary judgment against defendants Asset Maximizer Company LLC and Joe Senter (doc. 162). Defendants have failed to respond to plaintiff's motion. The court has considered plaintiff's motion and the evidentiary materials submitted in support thereof and is of the opinion that no genuine issues of material fact remain and the motion is due to be granted.

Plaintiff asserts that it is entitled to summary judgment as to its claim (breach of contract) against defendants Asset Maximizer and Joe Senter. In order to state a claim for breach of contract plaintiff need prove that: (1) a valid contract exists between the parties in action, (2) the plaintiff has performed under the contract, (3) the defendant failed to perform, and (4) the plaintiff suffered damage. *See, e.g., Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So.2d 665, 673 (Ala. 2001).

Senter signed a Merchant Services Account Application on behalf of Asset Maximizer as its owner and guarantor. Plaintiff's Exh. 1 at A. This established a valid

166

contract between the parties which provided that Compass would process credit card transactions on behalf of Asset Maximizer. *Id.*

Furthermore, the evidence before the court demonstrates that Compass has performed under this contract while Asset Maximizer and Senter have failed to perform. In this processing arrangement, a merchant receives payment by credit card from a customer for a good or service. Compass then processes the transaction for that merchant and pays the merchant the value of the credit card charge. If a credit card holder disputes a merchant's credit card charge, Compass is required, pursuant to its agreement with Visa or MasterCard to refund the amount of the charge to the cardholder. Exh. 1 at ¶ 7. This is known in the industry as a "chargeback" transaction. *Id.* After this money is refunded to the consumer, the merchant, in this case, Asset Maximizer is required to refund the transaction to Compass. Exh. 1 at ¶ 6. Compass performed under the contract and refunded the appropriate customers. However, Asset Maximizer has failed to refund the required "chargebacks" and other fees thereby causing a breach of its contract with Compass. Plaintiff's Exh. 5 at ¶ 7.

The evidence demonstrates that Compass has suffered significant damage from this breach. As a result of the breach by Asset Maximizer and Senter, plaintiff incurred $812,311.00 in damages based upon expenses incurred for chargebacks and credits to Asset Maximizer's Account (totaling $772,160.00) and unpaid fees (totaling $40,151.00). Plaintiff's Exh. 5 at ¶¶ 7-11.

Based upon a consideration of the evidence, plaintiff is entitled to a summary

judgment in the amount of $812,311.00 and this judgment should be deemed final pursuant to Fed.R.Civ.Pro. 54(b).

Based upon all of the foregoing, plaintiff Compass Bank's motion for summary judgment is **GRANTED.**

**DONE** and **ORDERED** this the __9__ day of January 2003.

_____
Inge P. Johnson
U.S. District Court